# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAOHONG YANG,<br><br>                       Plaintiff,<br>vs.<br><br>MICHAEL CHERTOFF, Secretary of the U.S. Department of Homeland Security; et al.,<br><br>                       Defendants. | CASE NO. 07cv0241 JM(CAB)<br><br>ORDER GRANTING MOTION TO REMAND TO USCIS |

      Plaintiff Chaohong Yang, proceeding <u>in propria persona</u>, brings this action pursuant to 8 U.S.C. §1447(b), seeking, among other things, to have this court compel Defendants to adjudicate his application for naturalization. Defendants move to dismiss the complaint as prematurely filed, or alternatively, to remand to the United States Citizenship and Immigration Service ("USCIS") with appropriate instructions for adjudication of Plaintiff's application for naturalization. For the reasons set forth below, the motion to remand is granted with instructions to make a determination on Plaintiff's Form N - 400 as expeditiously as possible but in any event not more than 120 days from the date of entry of this order.

## BACKGROUND

      On February 6, 2007 Plaintiff commenced this action seeking relief declaratory and injunctive relief to compel Defendants to adjudicate his application for

naturalization.  Plaintiff alleges that defendants have illegally delayed the processing and adjudication of his application for naturalization.

Plaintiff, a 35 year old citizen of China, was admitted to the United States as a lawful permanent resident in April 2001.  (Compl. ¶15).  In February 2006 Plaintiff applied for naturalization.  He alleges that he satisfies all statutory requirements for naturalization and that the USCIS completed the naturalization examination on May 23, 2006.  The USCIS has yet to adjudicate Plaintiff's application for naturalization.  (Compl. ¶16).

## DISCUSSION

**Subject Matter Jurisdiction**

Defendants contend that this court lacks subject matter Jurisdiction over the Complaint under 8 U.S.C. §1447(b) because the statutory time period for filing an action has yet to commence.  The statute at issue provides, in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the Untied states district court for the district in which the applicant resides for a hearing on the matter.

8 U.S.C. §1447(b). The examination contemplated by §1446 authorizes the USCIS examiner with subpoena power to call witnesses, including the applicant, to compel testimony and to require the production of tangible items. See 8 U.S.C. §1446(b). The examiner is authorized to conduct an investigation of the applicant, see 8 U.S.C. §§1443(a), 1446(a)(b), and to determine whether the applicant meets the statutory qualifications for naturalization. See 8 U.S.C. 1427(a).  In accordance with the rules and regulations propagated by the Attorney General, prior to conducting an examination interview of the applicant, the USCIS is to have completed the FBI background investigation before the applicant is notified to appear for the "initial examination" interview.  8 C.F.R. §335.2(b).

District courts have reached opposite conclusions on whether the 120 period of §1447(b) runs from the date of the initial examination interview or from the date of

1  completion of the entire examination process.  Some courts, such as in <u>Danilov v.
2  Aguirre</u>, 370 F.Supp.2d 441 (E.D. Va 2005), looked to the language of §1446(b) to
3  conclude that the required "examination is not a single event, but instead is essentially
4  a process the agency follows to gather information concerning the applicant."  <u>Id.</u> at
5  443.  Included within that process is the requirement that the FBI conduct a criminal
6  background investigation of the applicant pursuant to 8 C.F.R. §335.2(b).  Viewing the
7  criminal background investigation as an integral and indispensable part of the process
8  of examination, the district court concluded that the time for filing an action under 8
9  U.S.C. §1447(b) did not commence until the examination process was completed, even
10 if the USCIS completed the applicant interview prior to completion of the background
11 investigation,

12    Other district courts focus on language in §1447(b) which states that the 120
13 period commences on "**the date on which** the examination is conducted (emphasis
14 added)."  These courts, such as the court in <u>El-Daour v. Chertoff</u>, 417 F.Supp. 679
15 (W.D. Pa 2005), have found that this statutory language "contemplates that the
16 examination occurs on a particular, identifiable, date."  <u>Id.</u> at 681.  As an examination
17 process does not occur on one particular date, Congress must have intended the
18 language to refer to a single precipitating triggering event.  Further, the district court
19 noted that the term "conducted" would have to be construed to mean "completed or
20 concluded" in order to reach the conclusion that the examination required by the statute
21 is considered the "process of examination."  <u>Id.</u> at 682.  Based upon the ambiguities
22 inherent in §1447(b) and §1446(b), the <u>El-Daour</u> court concluded that the applicant
23 interview was the triggering event for the 120 period of §1447(b).

24    The court concludes that the better reasoned view, particularly when seen in light
25 of pertinent USCIS regulations, establishes that the date of examination, for purposes
26 of seeking judicial review under §1447(b), is the date of the applicant's interview.
27 USCIS regulation 8 C.F.R. §335.2(a) provides the framework for conducting the
28 examination of the applicant for naturalization and, among other things, provides that

1  "[a]t the conclusion of the examination," the interviewing officer is to compile a record
2  of all "evidence received by the officer" and all "deposition[s] or statement[s] taken by
3  a Service officer during the initial examination or any subsequent examination."  8
4  C.F.R. §335.2(e).  The regulations also instruct the USCIS on the order of examination
5  procedures and the requirement that the FBI background investigation be completed
6  prior to conducting the applicant interview.  An applicant for naturalization shall be
7  interviewed "only after the Service has received a definitive response from the Federal
8  Bureau of Investigation that a full criminal background check of an applicant has been
9  completed."  8 C.F.R. §335.2(b).  As noted in <u>Khelifa v. Chertoff</u>, 433 F.Supp.2d 836
10 (E.D. Mich 2006),

> By referring separately to the FBI background check and the "initial examination," and mandating that the former must be completed before the latter will be conducted, this provision plainly contemplates that the background check is independent from, as opposed to a part of, the "examination" that is described in this agency regulation. This provision. . . is incompatible with any notion of an examination as a process that encompasses a criminal background investigation.

15 <u>Id.</u> at 841; <u>El-Daour</u>, 417 F.Supp.2d at 683.

16      Consequently, the court concludes that the court has subject matter jurisdiction
17 over Plaintiff's complaint because the triggering event for §1447(b) review occurred
18 when Plaintiff was interviewed by the USCIS on May 23, 2006.  As the present action
19 was commenced following the passage of the 120 day period identified in 8 U.S.C.
20 §1447(b), the court has subject matter jurisdiction over the present matter.

21 **The Motion to Remand**

22      Under 8 U.S.C. §1447(b) this court has jurisdiction to either (1) make its own
23 determination as to whether Plaintiff has satisfied all of the requirements for citizenship
24 or (2) remand the matter to USCIS with instructions to conclude its processing of the
25 Form N - 400.   8 U.S.C. 1447(b); <u>United States v. Hovesepian</u>, 359 F.3d 11444, 1160
26 (9th Cir. 2004).

27      A lawful permanent resident alien is eligible for naturalization as a United States
28 citizen if he or she (1) satisfies a five-year statutory residency requirement; (2) has

1  resided continuously in the United States from the date of the application to the time of
2  admission as a citizen; and (3) is of good moral character. 8 U.S.C. § 1427(a). The
3  applicant first files a Form –400 application for naturalization. 8 U.S.C. § 1445(a); 8
4  C.F.R. §§ 334.2, 316.4. USCIS then conducts a background investigation of the
5  applicant, including a review of immigration and police records. 8 U.S.C. § 1446(a);
6  8 C.F.R. § 335.1. At a minimum, the background investigation includes " a review of
7  all pertinent records, police department checks, and a neighborhood investigation in the
8  vicinities where the applicant has resided and has been employed, or engaged in
9  business, for at least the five years immediately preceding the filing of the application."
10 8 C.F.R. §335.1. Lastly, the applicant is interviewed by an examiner who is authorized
11 to grant or deny the application. 8 U .S.C. § 1446(d); 8 C.F.R. § 335.3.

12       Applying the above statutory provisions, USCIS must make a determination on
13 a naturalization application pursuant to 8 U.S.C. § 1446 within 120 days after it
14 conducts the applicant interview. 8 U.S.C. § 1447(b). If it fails to do so, the applicant
15 may apply to the federal district court for the district in which the applicant resides for
16 a hearing on the matter. Id. The district court assumes jurisdiction over the matter and
17 may either determine the matter or remand it, with appropriate instructions, to USCIS.
18 Id.

19       The court concludes that remand, rather than a judicial determination of the
20 naturalization application, is appropriate for several reasons. First, the executive branch
21 is in a better position than this court to oversee Plaintiff's background investigation, to
22 compile an administrative record, and to consistently apply the immigration laws. See
23 I.N.S. v. Ventura, 537 U.S. 12, 16 (2002) ("Generally speaking, a court . . . should
24 remand a case to an agency for decision of a matter that statutes place primarily in
25 agency hands."); Shalabi v. Gonzales, 2006 WL 3032413 (E.D. Mo. 2006). The USCIS
26 conducts several forms of security and background checks to determine whether the
27 applicant is eligible for naturalization and that the individual does not present a risk to
28 national security or public safety. (Pierre Decl. ¶3). The background check involves

records from more than twenty federal agencies. <u>Id.</u>  Given the expertise of USCIS, their decisions are entitled to substantial deference. <u>I.N.S. v. Cardoza-Fonseca</u>, 480 U.S. 421, 445 n.30 (1987).  Second, the court is hesitant to compel the FBI and other federal agencies to complete background checks required to finalize the naturalization process because to do so could delay the administrative processing of other applicants for naturalization who have waited longer than Plaintiff for completion of the required background investigations.  The filing of a complaint for mandamus should not result in one applicant moving up the queue to the detriment of the other applicants for naturalization.  Third, the fortuitous circumstances under which Plaintiff obtained standing to bring this action (i.e. USCIS's failure to comply with its own regulations), cautions against treating Plaintiff differently from those applicants for naturalization who have not receive not received an interview, as required by USCIS regulations, but are awaiting completion of the FBI background investigation.  Finally, Plaintiff is not without a judicial remedy.  In the event Plaintiff's application is denied, or USCIS fails to complete its background investigation within the below instructed 120 day period, he may return to court for review.  <u>See</u> 8 U.S.C. §1421(c).

In sum, the court remands this action to USCIS for adjudication of Plaintiff's application for naturalization.  USCIS is instructed to complete the required investigations as expeditiously as possible but in any event not more than 120 days after the date of entry of this order.  In the event USCIS fails to adjudicate the application within 120 days, Plaintiff may move to reopen the present action.

**IT IS SO ORDERED.**

DATED: June 29, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties